UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EUGENE MOORE                                                      CIVIL ACTION

VERSUS                                                                    NO. 11-006

DEBORAH JEAN VERDERAIME, ET AL           SECTION "C" (5)

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition seeks damages for personal injuries allegedly sustained in an automobile accident on December 8, 2009, in New Orleans. This matter was removed on the basis of diversity.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).

Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

      The defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes, nor has it made a showing sufficiently particularized to meet its burden.  Medical records indicate approximately $12,400 in medical expenses have been incurred with primary regard to lumbar and bilateral knee sprain.  He was diagnosedwith herniations at L4-5 and L5-Si and subligamentous

herniation at L3-4.  He was given a lumbar facet joint injection in August 2010.   He also received an injection as to the knee in September 2010, with an arthroscopy recommended.   The plaintiff denies that this evidence is sufficient to establish the jurisdictional minimum as of the time of removal.

The Court finds that the record as is does not support a finding that the jurisdictional minimum was at issue when this action was removed.  *See e.g.,* Farrell v. Pierre, 846 So.2d 49 (La. App. 5th Cir. 2003)($46,115 general damages for knee arthroscopy); Tauzier v. Kraus, 845 So.2d 1208 (La. App. 5th Cir. 2003)($4,000 general damages for knee arthroscopy); Winfield v. Dih, 816 So.2d 942 (La. App. 4th Cir. 2002)($40,000 general damages for knee arthroscopy).

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court  for

the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 17th  day of March, 2011.

                                                HELEN G. BERRIGAN
                                                UNITED STATES DISTRICT JUDGE